Marco Vincent DIGIOVANNI,
Appellant,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS; D. Dudich, Lieutenant; Jason Smith, Senior Correctional Officer; K.R. Newsom, Sergeant; McEavey, Senior Correctional Officer; Correctional Medical Services (C.M.S.); Mary Thomas, Nurse Practitioner; Layden, Special Investigations Division; J.W. Oszvart, Hearing Officer; Roy L. Hendricks, Administrator; Hugh Downing; James Barbo, Director/Division of Operations; Devon Brown, Commissioner; and John & Jane DOES 1–100.

No. 06–4734.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007.

Filed: May 18, 2007.

Marco Vincent Digiovanni, Trenton, NJ,
pro se.

Thomas E. Kemble, Office of Attorney
General of New Jersey Division of Law,
Richard J. Hughes, Justice, Trenton, NJ,
for Appellee.

BEFORE: BARRY, AMBRO and
FISHER, Circuit Judges.

OPINION

PER CURIAM.

Marco Vincent DiGiovanni appeals from
the District Court's grant of summary
judgment in favor of Appellees. Because
we determine that the appeal is lacking in
arguable legal merit, we will dismiss it
under 28 U.S.C. § 1915(e)(2)(B).

On May 3, 2004, while incarcerated at
New Jersey State Prison, DiGiovanni filed
a complaint in the District Court pursuant
to 42 U.S.C. § 1983. The defendants are
Lieutenant Donald Dudich, Sergeant Kev-
in Newsom, and Senior Corrections Offi-
cers Jason Smith and McEavey; all other
claims and defendants were dismissed
from the action by an earlier District
Court order. DiGiovanni alleges that on
or about May 2, 2002, the Appellees acting
in concert assaulted him in retaliation for
filing a grievance against a corrections offi-
cer. (Compl. at 5–7.) He seeks an order
preventing the prison from transferring
him except upon his request, and award-
ing, inter alia, punitive and compensatory
relief for injuries to his person and proper-
ty.

Appellees' answer, filed on May 2, 2005,
asserted DiGiovanni's failure to exhaust
administrative remedies as an affirmative
defense. (Ans. at 7.) On August 30, 2006,
the District Court granted summary judg-
ment for the Appellees, dismissed the mat-
ter without prejudice, and closed the case.[1]
DiGiovanni filed a timely notice of appeal.

---

1. Although the District Court properly dis-
missed this matter without prejudice, the or-

ders appealed from are final for purposes of
our exercise of jurisdiction under 28 U.S.C.

Our review of the record makes clear that DiGiovanni's appeal lacks any arguable basis in law. "No action shall be brought with respect to prison conditions ... by a prisoner confined in any ... prison ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This rule means that "prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level," *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir.2007)(citing *Woodford v. Ngo*, —— U.S. ——, 126 S.Ct. 2378, 2382–83, 165 L.Ed.2d 368 (2006)); *see also Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir.2004)(prisoner must exhaust grievance process "before coming to federal court"), including the remedies supplied in the New Jersey Department of Corrections Inmate Handbook. *Concepcion v. Morton*, 306 F.3d 1347, 1355 (3d Cir.2002). The procedure called for by the Inmate Handbook requires the filing of a remedy form and, if necessary, a subsequent appeal.

When DiGiovanni filed his complaint on May 3, 2004, he had not yet begun to pursue his administrative remedies. In concluding that DiGiovanni's action was barred by his failure to exhaust available remedies, the District Court noted that he did not file his remedy form with the prison until more than two years later, on May 20, 2006. He did not complete the grievance process until approximately June 26, 2006. Because he had not exhausted his remedies within the prison before coming to this Court, DiGiovanni could not proceed with this action in federal court. *See* 42 U.S.C. § 1997e(a); *Woodford*, 126 S.Ct. at 2382–83.

This complaint is indisputably barred by DiGiovanni's failure to exhaust available administrative remedies, so we will dismiss

§ 1291. *See Nyhuis v. Reno*, 204 F.3d 65, 68 n. 2 (3d Cir.2000). Our review is plenary.

his appeal under § 1915(e)(2). DiGiovanni's motion for appointment of counsel is denied.

*See Spruill v. Gillis*, 372 F.3d 218, 226 (3d Cir.2004).